IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GRAY RAY POST 220, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:22-cv-01544-PX |
| | * | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM AND ORDER

This dispute concerns a claim made under a property insurance policy allegedly issued by Defendant Nationwide Mutual Insurance Company ("Nationwide"). ECF No. 1 ¶¶ 8-12. Nationwide failed to pay the entire claim, thus prompting Plaintiff to file suit, alleging breach-of-contract (Counts I-V), negligence (Counts VI-IX), fraud (Counts XX-XXII), and a related statutory claim (Count XXIII). ECF No. 1. Nationwide moved to dismiss the Complaint, in part because, according to Nationwide, the proper insurer is Harleysville Preferred Insurance Company ("Harleysville"). ECF No. 8 at 4. Thereafter, Plaintiff moved to amend the Complaint, proposing to add Harleysville as a Defendant and withdraw all claims save for two contract-related causes of action. ECF Nos. 11 & 12.

Nationwide does not squarely oppose the motion to amend the Complaint, but suggests in its reply to its motion to dismiss that the proposed amendment is futile as to Nationwide because it is not a party to the insurance contract. ECF No. 13 at 2-3. Accordingly, for efficiency, the Court will address Nationwide's contentions as applied to the proposed Amended Complaint.

Courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, when amendment is prejudicial, motivated by bad

faith, or futile. *Arora v. James*, 689 F. App'x 190, 190 (4th Cir. 2017) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)) (internal quotation marks omitted). A claim is futile when it is "clearly insufficient or frivolous" and thus cannot survive a motion to dismiss. *Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018). In assessing whether a claim is futile, the Court reviews the claim for sufficiency pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kerrigan v. Bd. of Educ. of Carroll Cnty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016). Under the 12(b)(6) standard, the Court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive challenge, the factual allegations must be enough to "raise a right to relief above the speculative level." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

At the pleading stage, a plaintiff claiming breach of contract "need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *See RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (2010). More particularly, in Maryland, the plaintiff must aver with "certainty and definiteness" some facts that reflect the "contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333, 362 (2012) (quoting *Cont'l Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 480 (1977)).

Under this standard, the proposed Amended Complaint states plausibly that Nationwide is a party to the policy. ECF No. 12-1 ¶¶ 9, 21.[1] Nationwide's logo and service marks appear on the declarations page and throughout the policy. *See, e.g.*, ECF No. 8-12 at 12. Nationwide's

---

[1] The Court may consider the contract at the heart of the dispute as integral to the Complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Fin. Indus. Regul. Auth., Inc. v. Axis Ins. Co.*, 951 F. Supp. 2d 826, 830 (D. Md. 2013).

President and Vice President signed the policy.  ECF No. 8-12 at 13.  And a "Best Practices" notice instructs insureds to "report all claims to Nationwide" through Nationwide's claims hotline.  ECF No. 8-2 at 8.  Based on this alone, the Court rejects Nationwide's contention that the policy "clearly and unambiguously states that the contract is entered into between Harleysville and Plaintiff."  ECF No. 13 at 3.

Alternatively, the proposed Amended Complaint makes plausible that Nationwide may be contractually liable under an agency theory.  *The Community Clinic Inc. v. Healthgrid, LLC*, No. 20-cv-3208, 2021 WL 3710025, at *4 (D. Md. Aug. 20, 2021).  In Maryland, an agency relationship exists where "(1) [t]he agent is subject to the principal's right of control; (2) the agent has a duty to act primarily for the benefit of the principal; and (3) the agent has the power to alter the legal relations of the principal." *Brooks v. Euclid Sys. Corp.*, 151 Md. App. 487, 506 (2003).  Nationwide acknowledges that it is Harleysville's parent company.  ECF No. 13 at 3.  Nationwide has also paid out a portion of Plaintiff's insurance claim.  ECF No. 12-1 ¶ 15.  At this early stage, these averments are enough to defeat Nationwide's suggestion of futility.

Accordingly, and based on the foregoing, it is this 3rd day of November 2022, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion for Leave to File an Amended Complaint (ECF No. 12) filed by Plaintiff Gray Ray Post 220, Inc. BE, and the same hereby IS, GRANTED;

2. The Motion to Dismiss filed by Defendant Nationwide Mutual Insurance Company (ECF No. 8) BE, and the same hereby IS, DENIED AS MOOT;

3. The Clerk SHALL add Defendant Harleysville Preferred Insurance Company to the case caption; and

    4.   The Clerk shall TRANSMIT copies of this Memorandum Opinion and Order to counsel for the parties.

<u>November 3, 2022</u>                         <u>    /s/                    </u>
Date                                                            Paula Xinis
                                                               United States District Judge